IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **JEAN JOCELYN MERILIEN,** | : | **PRISONER HABEAS CORPUS** |
| GDC ID # 1048466, | : | 28 U.S.C. § 2254 |
|     Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| **DEKALB COUNTY** | : | |
| **DISTRICT ATTORNEY,** | : | **CIVIL ACTION NO.** |
|     Respondent. | : | **1:15-CV-4512-WSD-AJB** |

**UNITED STATES MAGISTRATE JUDGE'S**
**FINAL REPORT AND RECOMMENDATION**

Petitioner, Jean Jocelyn Merilien, confined in Hays State Prison in Trion, Georgia, has submitted a petition for a writ of error *coram nobis*, and the Clerk has docketed this case as a 28 U.S.C. § 2254 habeas corpus action. [Doc. 1.] Petitioner challenges his January 31, 2000, DeKalb County conviction for possession of a firearm by a convicted felon. [*Id.* at 3.]

"A writ of error *coram nobis* is not available in federal court to directly attack a state criminal judgment." *Wolfson v. Florida*, 184 Fed. Appx. 866, 866 (11th Cir. June 14, 2006) (per curiam) (citing *Theriault v. State of Mississippi*,

390 F.2d 657 (5th Cir. 1968) (per curiam)[1]).  Accordingly, the undersigned will review the matter as a § 2254 petition.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, summary dismissal of a habeas petition is proper when the petition and the attached exhibits plainly reveal that relief is not warranted.  *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) (stating that Rule 4 dismissal is appropriate when petition "appears legally insufficient on its face").

## I.   Discussion

Petitioner previously filed a construed § 2254 petition challenging his January 31, 2000, DeKalb County conviction for possession of a firearm by a convicted felon, and the District Court dismissed that petition for lack of jurisdiction because Petitioner was no longer in custody under that conviction.  *See* Order, *Merilien v. Georgia*, No. 1:12-cv-3598-RLV (N.D. Ga. Dec. 13, 2012) (adopting Final Report and Recommendation of Nov. 20, 2012).  Petitioner did not appeal.

Unless the Eleventh Circuit authorizes a second or successive § 2254 petition, the District Court lacks jurisdiction to consider such a petition.

---

[1] Decisions of the Fifth Circuit rendered on or before September 30, 1981, are binding precedent in the Eleventh Circuit.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

2

*See* 28 U.S.C. § 2244(b)(3)(A); *Morales v. Fla. Dep't of Corr.*, 346 Fed. Appx. 539, 540 (11th Cir. Sept. 29, 2009) (per curiam) (citing *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003)).  Petitioner failed to obtain authorization from the Eleventh Circuit for consideration of a second or successive § 2254 petition.  Therefore, the District Court lacks jurisdiction to consider the present petition.

**II.     Certificate of Appealability (COA)**

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . .  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

When the district court denies a habeas petition on procedural

3

grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

A COA should be denied because it is not debatable that Petitioner must obtain authorization from the Court of Appeals for consideration of a second or successive § 2254 petition. If the Court adopts this recommendation and denies a COA, Petitioner is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts.

### III. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that (1) this action be **DISMISSED** pursuant to Rule 4; and (2) a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO RECOMMENDED and DIRECTED**, this  15th   day of January, 2016.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE