IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JEAN JOCELYN MERILIEN,

    Petitioner,

v.

DEKALB COUNTY DISTRICT ATTORNEY,

    Respondent.

1:15-cv-4512-WSD

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Alan J. Baverman's Final Report and Recommendation [4] ("R&R"). The R&R recommends the Court dismiss this action under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4").

**I.  BACKGROUND**

On December 31, 2015, Petitioner Jean Jocelyn Merilien ("Petitioner"), confined in Hays State Prison in Trion, Georgia, submitted his petition for a writ of error *coram nobis* [1] ("Petition"). Petitioner challenges his January 31, 2000, DeKalb County conviction for possession of a firearm by a convicted felon.

On January 15, 2016, the Magistrate Judge issued his R&R. Because a writ of error *coram nobis* is not available in federal court to attack a state criminal

judgment, the Magistrate Judge construed Petitioner's Petition as seeking habeas relief under 28 U.S.C. § 2254.  Petitioner previously filed a construed Section 2254 petition challenging his January 31, 2000, DeKalb County conviction for possession of a firearm by a convicted felon, and the Court dismissed the petition for lack of jurisdiction because Petitioner was no longer in custody under that conviction.  See Order, Merilien v. Georgia, No. 1:12-cv-3598-RLV (N.D. Ga. Dec. 13, 2012).  The Magistrate Judge found the Petition is second or successive, and, because Petitioner failed to obtain authorization from the Eleventh Circuit, the Magistrate Judge found the Court lacks jurisdiction to consider the Petition.

On February 16, 2016, Petitioner filed his Objections to the R&R [6].  Petitioner does not appear to object to any specific finding in the R&R.  Petitioner asks that the Court "transfer the original petition for *coram nobis* to the trial court 'Superior Court of Dekalb County' for further consideration."  (Obj. at 1).  Petitioner also appears to seek a new trial in state court.  (Id.).

## II.   ANALYSIS

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams

v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). Where no party objects to the R&R, the Court conducts a plain error review of the record.  See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

    B.    Discussion

Petitioner's Objections do not challenge the Magistrate Judge's determination in his R&R that the Court lacks jurisdiction to consider the merits of Petitioner's Petition.  The Court nevertheless elects to conduct its *de novo* review.

A writ of error *coram nobis* is not available in federal court as a means to attack state criminal judgments.  Llovera v. Florida, 576 F. App'x 894, 896 (11th Cir. 2014).  The Court construes Petitioner's Petition as a petition for a writ of habeas corpus pursuant to Section 2254.

The Petition must be dismissed for lack of subject matter jurisdiction because Petitioner does not satisfy the "in custody" requirement for seeking federal habeas relief.  "[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  The "in custody" requirement means "that the habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed."  Maleng v. Cook, 490 U.S.

488, 490-91 (1989). Petitioner appears to state in his Petition that he has served the two-year probationary sentence and paid the $1,000 fine arising from his January 2000 conviction for possession of a firearm by a convicted felon. (Petition at 3). This reading is supported by Petitioner's statements in his previous habeas petition, in which he indicated he served his two-year term and paid the $1,000 fine. Report and Recommendation, Merilien v. Georgia, 1:12-cv-3598-RLV-AJB (N.D. Ga. Nov. 20, 2012). As the Court found with respect to Petitioner's previous habeas petition, because Petitioner is no longer in custody under the January 2000 conviction, he does not satisfy the "in custody" requirement to seek federal habeas relief.

That Petitioner now alleges he faces deportation as a consequence of the January 2000 conviction does not change the outcome. Deportation proceedings are a collateral consequence of a conviction, and do not satisfy the "in custody" requirement. See Maleng, 490 U.S. at 491-92 ("[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it."); see also Llovera-Linares v. Florida, 559 F. App'x 949 (11th Cir. 2014) (petitioner in federal immigration detention awaiting deportation was not "in custody" under Section 2254).

> The Court denies a certificate of appealability ("COA").
>
> When the district court denies a habeas petition on procedural grounds . . . , a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

<u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). Here, it is not debatable that Petitioner is not "in custody" for federal habeas purposes.

### III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Petitioner Jean Jocelyn Merilien's Objections to the R&R [6] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Magistrate Judge Alan J. Baverman's Final Report and Recommendation [4] is **ADOPTED AS MODIFIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** for lack of subject matter jurisdiction.

**SO ORDERED** this 18th day of August, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE